CHARLES J. FERRERA #3310
Attorney at Law
Dillingham Transportation Building
735 Bishop Street, Suite 422
Honolulu, Hawaii 96813
Telephone No. 599-5220

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GARY VANNATTA, | CIVIL NO. CV09-00418 SPK KSC |
| Plaintiff, | (Medical Malpractice) |
| vs. | COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS |
| WAIANAE COAST COMPREHENSIVE HEALTH CENTER; AUDREY TALEFF; APRN-Rx; KELLI-ANN VOLOCH, M.D.; JEFFREY CHING, M.D.; MARC E. PATRICK, PA; JOSEPH TURBAN, M.D.; DAVID R. JONES, M.D.; ROBERT BONHAM, M.D.; and DOES 1-100, | |
| Defendants. | |

(22432)

## COMPLAINT

Plaintiff Gary Vannatta, through his undersigned counsel, hereby complains as follows:

1. This is an action for personal injuries arising out of medical malpractice.

2. Jurisdiction is premised upon 28 USC § 1331 inasmuch as Waianae Coast Comprehensive Health Center is deemed to be a Health Center covered under the Federal Tort

Claims Act, 28 USC § 2671, et seq., Chapter 171.

3. Venue is proper in that all pertinent actions took place within the District of Hawaii.

4. Plaintiff Gary Vannatta (hereinafter referred to as "Plaintiff" and/or "Mr. Vannatta") was at all pertinent times a resident of the City and County of Honolulu, State of Hawaii.

5. Defendant Waianae Coast Comprehensive Health Center (hereinafter referred to as "Defendant" or "WCCHC") is and was at all times pertinent herein a corporation doing business in the City and County of Honolulu, State of Hawaii.

6. Defendant WCCHC is vicariously liable for the conduct of Defendants Audrey Taleff, APRN-Rx, Kelli-Ann Voloch, M.D., Jeffrey Ching, M.D., Joseph Turban, M.D., Marc E. Patrick, PA, Robert Bonham, M.D. and David R. Jones, M.D.

7. Defendant Audrey Taleff, APRN-Rx (hereinafter referred to as "Defendant" and/or "Ms. Taleff") is and was at all times pertinent herein a resident of the County of Honolulu, State of Hawaii, and is an advanced practice registered nurse-(with) prescriptive authority, licensed to practice in the State of Hawaii.

8. Defendant Kelli-Ann Voloch, M.D. (hereinafter referred to as "Defendant" and/or "Dr. Voloch") is and was at all times pertinent herein a resident of the County of Honolulu, State of Hawaii, and is a physician licensed to practice and practicing medicine in the State of Hawaii.

9. Defendant Jeffrey Ching, M.D. (hereinafter referred to as "Defendant" and/or "Dr. Ching") is and was at all times pertinent herein a resident of the County of Honolulu,

State of Hawaii, and is a physician licensed to practice and practicing medicine in the State of Hawaii.

10. Defendant Marc E. Patrick, PA (hereinafter referred to as "Defendant" and/or "Mr. Patrick") is and was at all times pertinent herein a resident of the County of Honolulu, State of Hawaii, and is a physician's assistant licensed to practice in the State of Hawaii.

11. Defendant Joseph Turban, M.D. (hereinafter referred to as "Defendant" and/or "Dr. Turban") is and was at all times pertinent herein a resident of the County of Honolulu, State of Hawaii, and is a physician licensed to practice and practicing medicine in the State of Hawaii.

12. Defendant David R. Jones, M.D. (hereinafter referred to as "Defendant" and/or "Dr. Jones") is and was at all times pertinent herein a resident of the County of Honolulu, State of Hawaii, and is a physician licensed to practice and practicing medicine in the State of Hawaii.

13. Robert Bonham, M.D. (hereinafter referred to as "Defendant" and/or "Dr. Bonham") is and was at all times pertinent herein a resident of the County of Honolulu, State of Hawaii, and is a physician licensed to practice and practicing medicine in the State of Hawaii.

14. This is an action for medical negligence arising out of Plaintiff Mr. Vannatta's visits to Defendant Waianae Coast Comprehensive Health Center on September 4, 2007, September 10, 2007, September 23, 2007, September 24, 2007, September 25, 2007 and September 26, 2007. During these visits, the medical personnel named above failed to properly assess, diagnose and treat Plaintiff's condition which included an epidural abscess. The abscess

grew unabated, ultimately resulting in serious neurological damage to Plaintiff. Investigation of this suspicious condition and configuration of symptoms should have begun on September 4, 2007.

15. On September 4, 2007, Mr. Vannatta had body aches, chills, fever and a weak stream of urine. Labs for chlamydia/gonorrhea were ordered and came back normal.

16. On September 10, 2007, Mr. Vannatta was seen by Defendant Dr. Ching, who diagnosed him with a urinary tract infection and a positive culture for Staph A. Mr. Vannatta was not given adequate instructions as to when to return to the emergency room and/or when to see another physician.

17. On September 23, 2007, Mr. Vannatta was seen by Defendant Dr. Turban, who noted that Mr. Vannatta was being treated for a urinary tract infection, that he still had UTI symptoms and that he now had low back pain that radiated to the front. Dr. Turban attributed the back pain to Mr. Vannatta's moving furniture. Mr. Vannatta was seen by Defendant Mr. Patrick. At this point, the relationship between the low back pain and the UTI symptoms should clearly have been investigated.

18. On September 24, 2007, Mr. Vannatta was seen by Defendant Dr. Bonham at the WCCHC emergency department. Dr. Bonham noted that the patient had been diagnosed with a UTI on September 4, 2007, and treated with Cypro and that the patient had back pain, intermittent fever and had not slept well for 4 nights. At this point, an investigation of a possible epidural abscess should clearly have been undertaken.

19. On September 25, 2007, Mr. Vannatta was seen by Defendant Dr. Jones, who diagnosed him with pyelonephritis and prescribed Ceftriaxone. Dr. Jones noted that Mr.

Vannatta had not moved his bowels in several days and was sweating. Dr. Jones ordered labs to see if the infection was responding to antibiotics.

20. On September 26, 2007, Mr. Vannatta was seen at the Hawaii Medical Center East ("HMC") emergency department where a consult was sent up with Russell Wong, M.D., an infectious disease specialist, who diagnosed probable epidural abscess and ordered him an MRI.

21. On September 26, 2007, Bernard Robinson, M.D., a neurosurgeon, removed pus from T5-T9 in an operation performed at HMC. Because the removal of the abscess was done so late, Mr. Vannatta suffered neurological problems which have sequelae including impotence.

22. The physicians/medical professionals who treated Mr. Vannatta on September 4, 2007, at WCCHC, Emergency Department, including Defendant Ms. Taleff, fell below the standard of care in not ordering appropriate diagnostic tests, in failing to diagnose Mr. Vannatta's condition, in not instructing Mr. Vannatta what symptoms to watch out for and/or in not instructing him to follow-up within a reasonable time.

23. The physicians/medical professionals who treated Mr. Vannatta on September 10, 2007, at WCCHC, Emergency Department, including Defendant Dr. Ching, fell below the standard of care in not ordering appropriate diagnostic tests, in failing to diagnose Mr. Vannatta's condition, in not instructing Mr. Vannatta what symptoms to watch out for and/or in not instructing him to follow-up within a reasonable time.

24. The physicians/medical professionals who treated Mr. Vannatta on September 23, 2007, at WCCHC, Emergency Department, including Defendant Dr. Turban, fell

below the standard of care in not ordering appropriate diagnostic tests, in failing to diagnose Mr. Vannatta's condition, in not instructing Mr. Vannatta what symptoms to watch out for and/or in not instructing him to follow-up within a reasonable time.

25.  The physicians/medical professionals who treated Mr. Vannatta on September 24, 2007, at WCCHC, Emergency Department, including Dr. Bonham, fell below the standard of care in not ordering appropriate diagnostic tests, in failing to diagnose Mr. Vannatta's condition, in not instructing Mr. Vannatta what symptoms to watch out for and/or in not instructing him to follow-up within a reasonable time.

26.  The physicians/medical professionals who treated Mr. Vannatta on September 25, 2007, at WCCHC, Emergency Department, including Defendant Dr. Jones, fell below the standard of care in not ordering appropriate diagnostic tests, in failing to diagnose Mr. Vannatta's condition, in not instructing Mr. Vannatta what symptoms to watch out for and/or in not instructing him to follow-up within a reasonable time.

27.  Given the fact that Mr. Vannatta presented consistently with fever, urinary problems, other neurological problems and back pain, an epidural abscess or some spinal pathology should have been investigated beginning on September 4, 2007. Had a proper investigation been undertaken, the abscess could have been treated and/or removed at a time early enough to prevent the neurological damage which Mr. Vannatta suffered.

28.  The care and treatment rendered by Defendants was below the standard of care and proximately caused Plaintiff serious and permanent physical and mental injuries for which Plaintiff seeks general damages for pain and suffering, special damages for past, present and future medical bills, past, present and future wage loss and other special damages and other

damages as more fully set forth below.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. Special damages including but not limited to Plaintiff's medical expenses (past and future), lost wages (past and future), and loss of earning and/or working capacity in an amount according to proof at trial but in excess of the minimum jurisdiction of this Court;

2. General damages in an amount according to proof at trial but in excess of the minimum jurisdiction of this Court;

3. Interest and pre-judgment interest;

4. Attorney's fees and costs;

5. Such other and further relief as the Court may deem just and proper.

DATED: Honolulu, Hawaii, _____SEP 3, 2009_____.

_____
CHARLES J. FERRERA
Attorney for Plaintiff